# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AARON D. STODDART-CORDOVA,

    Plaintiff(s),

v.

MATHEW HARTER, et al.,

    Defendant(s).

Case No.: 2:19-cv-00436-APG-NJK

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**     *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

1

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff brings claims against state court judge Mathew Harter and Director of the District Attorney Family Support Division, attorney Jeffrey Witthun. *See* Docket No. 1-1 at 2.[1] Plaintiff sues Judge Harter and Mr. Witthun in both their personal and official capacities. *see id.* at 2. Although not always entirely clear, the gist of Plaintiff's allegations are as follows:

---

[1] The complaint identifies Mr. Witthun as "Director – Office of D.A. Family Support Division." Docket No. 1-1 at 2. The Court takes judicial notice of the state bar records identifying Mr. Witthun as an attorney working in the District Attorney's office. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of state bar records).

2

(1) as part of Plaintiff's divorce proceedings, Plaintiff alleges that Judge Harter ordered him to pay child support with which Plaintiff disagrees, *see id.* at 4, 8; (2) Plaintiff alleges that Mr. Witthun incorrectly argued to Judge Harter that the Court had jurisdiction over Plaintiff, *see id.* at 8; (3) Plaintiff did not meet his child-support obligations because he disagreed with the provision of his visitation rights, *see id.* at 8; and (4) Plaintiff alleges that, as a result of the non-payment of his full child-support obligations, his driver's license was suspended, *see id.* at 8. Given these allegations, Plaintiff asserts that Judge Harter and Mr. Witthun are engaged in a criminal syndicate. *See id.* at 8. Plaintiff indicates that the allegations give rise to myriad constitutional, statutory, and common law causes of action arising under state and federal law. *See id.* at 3. Plaintiff is seeking damages in the amount of $91,250,000, as well as other relief. *See id.* at 6.

Plaintiff's claims against Judge Harter fail. As explained by the Ninth Circuit,

> Anglo-American common law has long recognized judicial immunity, a "sweeping of immunity" for acts performed by judges that relate to the "judicial process." This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error." "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review."

*Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal citations omitted). In this case, it appears that Plaintiff's claims against Judge Harter arise entirely out of Judge Harter's alleged actions taken in his capacity as a judge. *See, e.g.*, Docket No. 1-1 at 2, 4-5, 8-9. As such, it appears such claims are barred by judicial immunity.

Immunity similarly bars Plaintiff's claims against Mr. Witthun. Prosecutors are entitled to immunity for their actions taken in that capacity. *See, e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc). In the same vein, "[a] government attorney is immune from suit for actions taken in connection with bringing and prosecuting a family law action involving child custody or child support." *Amaral v. County of*

*Los Angeles*, 2016 WL 4056299, at *2 (C.D. Cal. July 5, 2016) (collecting cases). In this case, it appears that Plaintiff's claims against Mr. Witthum arise entirely out of his actions taken in his capacity as a government attorney bringing and prosecuting a family law action. *See, e.g.*, Docket No. 1-1 at 2, 4-6, 8-9. As such, it appears such claims are also barred by immunity.

With respect to the official capacity claims, it is not entirely clear what relief Plaintiff is seeking. To the extent damages are sought, the Eleventh Amendment bars a damages action against a state in federal court, including when officials are sued for damages in their official capacities. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, any such damages claim fails. To the extent injunctive relief is sought and it is properly before the Court, Plaintiff appears to be seeking relief in the form of this Court overturning the state court's decisions to impose child-support payment obligations and to revoke his driver's license. *See id.* 6 (seeking as relief, *inter alia*, "Reinstate my Driver License, Full Refund plus 66% FFP"). It is well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Plaintiff does not explain why this Court is empowered to grant any such relief, rather than Plaintiff pursuing relief through the normal appellate process in state court.

In light of the above, the complaint is hereby **DISMISSED**.[2] Although it appears unlikely that Plaintiff can overcome the above deficiencies, the Court will permit him the opportunity to amend the complaint if he believes he can do so.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any

---

[2] In light of the deficiencies outlined herein, the Court need not opine on whether other deficiencies exist that may also prevent Plaintiff from pursuing his claims through the instant lawsuit.

4

additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **April 19, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: March 19, 2019

_____
Nancy J. Koppe
United States Magistrate Judge